IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| FLOYD E. CROSS, | ) |
|       Plaintiff, | ) ) ) |
| v. | )    CV 120-173 |
| MEGAN J. BRENNAN, U.S.P.S. Postmaster General; CANDACE HADDEN, Midville Postmaster; and KELLI BROWN, Rural Carrier, | ) ) ) ) ) ) |
|       Defendants. | ) |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff filed the above-captioned case on November 25, 2020, and after his motion to proceed *in forma pauperis* was denied without prejudice, he paid the filing fee on December 21, 2020. (Doc. nos. 1, 4; Dec. 21, 2020 doc. entry) Because he is proceeding *pro se*, on December 23, 2020, the Court provided him with basic instructions regarding the development and progression of this case. (Doc. no. 5.) The Court explained Plaintiff is responsible for serving Defendants and explained how service could be accomplished. (Id. at 1-2.) The Court specifically informed Plaintiff, under Fed. R. Civ. P. 4(m), he had ninety days from the complaint filing to accomplish service and that failure to accomplish service could result in dismissal of the case. (Id. at 2.) When the ninety days for effecting service under Fed. R. Civ. P. 4(m) expired and there was no evidence any Defendant had been served, the Court entered an Order directing Plaintiff to show cause why this case should not

be dismissed without prejudice for failure to timely effect service.  (Doc. no. 6.)

In response, Plaintiff states he "accomplish[ed] notification service to the defendant . . . ."  (Doc. no. 7, p. 1.)  He continues, "I did perform the service personally on Feb 22, 2021 as the Court required . . . well within the 90 days required."  (Id.)  Plaintiff also explains a clerk in charge - presumably at a post office in Midville, Georgia - informed him Defendant Brennan is no longer the current postmaster general, but the clerk said she would forward "the notification" to the current postmaster general, as well as place copies of "the notification" on the desks of Defendants Hadden and Brown.  (Id.)

Upon receiving the Court's March 1st show cause order, Plaintiff discovered that his certified correspondence had been mishandled by the post office, and on March 9, 2021, Plaintiff mailed "a certified restricted packet to the postmaster generals."  (Id.)  Plaintiff never explains what was contained in the "notification(s)" sent to various Defendants, and he attaches certified mail receipts for his "notification" sent to Defendant Brennan c/o Midville Post Office on February 22, 2021, and to the Post Master General in Washington, DC, on March 9, 2021.  As explained below, the documents do not show that summons have been returned executed or valid service has been accomplished.

First, as the Court explained in its December 23, 2020 Order, (doc. no. 5), to serve agencies, corporations, officers, or employees of the United States subject to service under Fed. R. Civ. P. 4(i), Plaintiff must deliver a copy of the summons and the complaint, via registered or certified mail, to (1) the civil process clerk at the office of the United States Attorney for the Southern District of Georgia; (2) the Attorney General of the United States, Washington, D.C.; and (3) the officer or agency being sued.  Fed. R. Civ. P. 4(i)(1)-(2).  Although it is not entirely clear from the complaint the capacity in which Plaintiff is

2

attempting to sue each Defendant, at least as to the postmaster general, it appears that Defendant is subject to service under Rule 4(i).  Nothing in the information provided by Defendant establishes compliance with Rule 4(i), as there is no indication on the docket a summons was ever issued to Plaintiff, let alone that Plaintiff caused service to be effected on the civil process clerk at the office of the United States Attorney for the Southern District of Georgia.

Second, even if Plaintiff were suing any of the other Defendants in a capacity other than as an employee of the United States, as the Court also explained in its December 23rd order, if a Defendant does not waive formal service, Plaintiff is still responsible for properly effecting personal service under Fed. R. Civ. P. 4(c) and (e).  (Doc. no. 5, p. 2.)  Plaintiff states only that his "notifications" to Defendants Hadden and Brown were mishandled when a postal clerk promised to put them on the desks of these two individuals.  Not only does Plaintiff fail to identify what documents were included in the "notifications," but it is incumbent upon Plaintiff to ensure service is timely and properly accomplished, whether by waiver or formal service.  Entrusting unidentified documents to a person who promised to place them on a Defendant's desk does not satisfy the service requirements of Rule 4.  Moreover, under the Federal Rules, service may be accomplished by "[a]ny person who is at least 18 years old and *not a party*. . . ."  Fed. R. Civ. P. 4(c)(2) (emphasis added).  Plaintiff describes only service he - a party to the case - attempted.

Finally, to the extent there was any question as to what type of service applied to which Defendant or how to properly accomplish such service, the Court cautioned Plaintiff it was his responsibility to determine which method of service is appropriate and as a courtesy,

3

directed the Clerk of Court to provide him with a copy of Rule 4.  (Doc. no. 5, p. 1, n.1; doc. no. 5-1.)  The responsibility for properly effecting service stands firmly with Plaintiff. Kammona v. Onteco Corp., 587 F. App'x 575, 578 (11th Cir. 2014) (*per curiam*) (citing Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) (*per curiam*)).  Despite having been provided with the information and tools needed to effect service, Plaintiff has not complied with the Federal Rules of Civil Procedure, as all litigants appearing in this Court are required to do.  See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* . . . litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.")

Plaintiff has not shown good cause for failing to timely effect service, and the Court finds that no other circumstances warrant any further extension of the service period.  The Advisory Committee Note to Rule 4(m) provides some guidance as to factors that may justify an extension of time for service.  Such considerations include if a defendant is evading service or if the statute of limitations would bar a refiled action.  Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132-33 (11th Cir. 2005) (citing Advisory Committee Note to Rule 4(m), 1993 Amd.).  There is no indication any Defendant may be attempting to evade service.  Indeed, based on Plaintiff's representations, it is not clear any Defendant is even aware of the case.  In any event, in an employment discrimination case such as this one, the head of the relevant department, agency, or unit that allegedly discriminated against the plaintiff is the proper defendant, not the individuals whose alleged conduct forms the basis for the employment discrimination suit.  Laurent v. Potter, 405 F. App'x 453, 455 (11th Cir. 2010) (*per curiam*); Mays v. United States Postal Serv., 928 F. Supp. 1552, 1558-60 (M.D. Ala. 1996); see also Brady v. Postmaster Gen., 521 F. App'x 914, 915 (11th Cir. 2013) (*per*

4

*curiam*) (naming postmaster general as Defendant in case alleging race, gender, age, and disability discrimination).  Therefore, it is unlikely Defendants Hadden and Brown are properly named such that evasive intent could be inferred as to them.

To the extent the statute of limitations may bar a refiled action, based on the information in the complaint, the events about which Plaintiff complains occurred in 2015 and 2017.  (Doc. no. 1-1, pp. 1-2.)  Plaintiff unsuccessfully raised his claims through his management and the State of Georgia Unemployment Office, as well as with the Equal Opportunity Employment Commission (EEOC).  (Id.)  Upon receiving an unfavorable EEOC decision in 2019, Plaintiff moved for reconsideration, which was denied on September 20, 2020, concluding Plaintiff had merely expressed his disagreement with the previous decision and reiterated previously raised on rejected arguments and that even construing any inferences raised by the undisputed facts in favor of Plaintiff, a reasonable fact-finder could not find in his favor.  (Id. at 1, 4.)  As Plaintiff has pursued his case through five years of administrative requirements, there is no reason to believe he does not understand the necessity of deadline compliance.  The Court has also granted an extension of time to effect service.  In any event, nothing about dismissal without prejudice for failure to timely effect service will impact Plaintiff's ability to argue for tolling the applicable statute of limitations or otherwise arguing any refiled action is timely.

In sum, the Court warned Plaintiff that failure to effect service within the ninety days allowed under Rule 4 could lead to dismissal of the entire case.  (See doc. nos. 5, 6.)  Accordingly, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice for failure to timely effect service on Defendants.  See Marcus v.

5

Postmaster Gen., 461 F. App'x 820, 822-23 (11th Cir. 2011) (*per curiam*); Schnabel v. Wells, 922 F.2d 726, 728-29 (11th Cir. 1991).

SO REPORTED and RECOMMENDED this 13th day of April, 2021, at Augusta, Georgia.

／s／ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA